UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50031 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION |
| | ) | FOR SUBPOENA AND |
| vs. | ) | SUBPOENAS *DUCES TECUM* |
| | ) | |
| THOMAS JENSEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Pending before the court are defendant Thomas Jensen's motions for a subpoena for Mark Waldo [Docket No. 180] and for subpoenas *duces tecum*. [Docket 177]. These requests are made for the purposes of a continued evidentiary hearing to be held on January 19, 2010, on Mr. Jensen's motion to suppress. The motion to suppress concerns: (1) the voluntariness of Mr. Jensen's Miranda[1] waiver and voluntariness of a statement that he made on October 31, 2007; and (2) the fruits of the execution of a search warrant on the person of Mr. Jensen to obtain a DNA sample while he was incarcerated at the Pennington County Jail on July 14, 2008.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Mr. Jensen has previously submitted several *ex parte* motions for subpoenas and subpoenas *duces tecum* to the court for his suppression motion. See Docket Nos. 108, 113, 117, and 170. As to the motions for subpoenas, each of those previous motions were granted in part and denied in part. The court previously denied Mr. Jensen's motion to subpoena Mark Waldo and a subsequent motion for the same was denied by the district court.

As to Mr. Jensen's most recent motion for subpoenas *duces tecum*, this court denied that motion on the grounds that it was improperly made on an *ex parte* basis. The court instructed Mr. Jensen that he could renew that motion with notice to the government. He has done so in the present motion. The government has now filed a response in opposition to Mr. Jensen's two pending motions.

## DISCUSSION

**A.     Motion for Subpoena for Mark Waldo**

Rule 17 of the Federal Rules of Criminal Procedure addresses the issuance of subpoenas. Although indigent criminal defendants have a limited right to subpoena witnesses for hearings other than trial, an indigent defendant has no absolute right to subpoena witnesses for a suppression hearing. See United States v. Sanchez, 457 F. Supp. 2d 90, 92 (D. Mass. 2006). Courts have discretion in determining whether subpoenas ought to issue in a suppression hearing. Sanchez, 457 F. Supp. 2d at 92.

The standard guiding the issuance of such subpoenas is whether the defendant has demonstrated that the witness's presence is necessary for an adequate defense. See Fed. R. Crim. P. 17(b). A court may refuse to issue a requested subpoena for a witness who would present only cumulative or irrelevant testimony. United States v. Bowman, 636 F.2d 1003, 1013 (5th Cir. 1981). The burden rests on the defendant of making a "satisfactory showing" that he is indigent and that the witness sought to be subpoenaed is necessary to his defense. United States v. Schwanke, 598 F.2d 575, 580 (10th Cir. 1979).

The rules of evidence are not strictly applicable at suppression hearings. See United States v. Raddatz, 447 U.S. 667, 679 (1980) (at the suppression hearing, the court may rely on hearsay and other evidence that would not be admissible in a criminal trial); United States v. Matlock, 415 U.S. 164, 169, 172-177 (1974) (rules of evidence not applicable at suppression hearings and court can consider evidence that would otherwise be inadmissible so long as the evidence contains some indicia of reliability); United States v. Maza, 93 F.3d 1390, 1396 (8th Cir. 1996) (holding that it was permissible for the district court to accept hearsay evidence at a suppression hearing "if the court is satisfied that the statements were made and that there is nothing to raise a serious doubt about their truthfulness.").

Here, Mr. Jensen seeks to subpoena Mark Waldo, who was Mr. Jensen's case manager while he was incarcerated at the Federal Correction Institute

("FCI") in Englewood, Colorado. The court has already held an evidentiary hearing on August 12, 2009, on Mr. Jensen's suppression motion at which Mr. Waldo testified as a witness for the government.² Mr. Jensen was given wide latitude to cross-examine Mr. Waldo at that hearing. Mr. Waldo testified for over an hour. At the conclusion of his testimony, Mr. Jensen's counsel never asked that Mr. Waldo remain available for further or rebuttal testimony. Accordingly, the court concludes that Mr. Jensen has already had a full and fair opportunity to cross-examine Mr. Waldo. Furthermore, bringing Mr. Waldo back again for a second time would not involve insubstantial cost or inconvenience as Englewood, Colorado, is approximately 415 miles away from Rapid City, South Dakota, where the court sits.

---

²A continuance of that hearing was made necessary by the fact that Mr. Jensen filed less than 24 hours before the first scheduled hearing on the suppression motion a notice that defendant would present an insanity defense. See Docket 123. Also, the day before with similar insufficient notice to enable the government to respond, Mr. Jensen sought to introduce expert testimony as to his mental state at the first scheduled hearing. See Docket No. 117 (filed August 10, 2009, requesting subpoenas for August 12, 2009, hearing for defendant's mental health experts). However, Mr. Jensen's experts were unavailable for that hearing, a fact relayed to this court orally only *after* the court had denied Mr. Jensen's motion for subpoenas for his experts due to insufficient time allowed for serving the subpoenas. Moreover, the government had never had the opportunity to have experts of its own choosing examine Mr. Jensen and issue opinions as to his sanity and competence (mainly because the government had no idea Mr. Jensen's mental status was in issue). Accordingly, the second half of the hearing on the motion to suppress was postponed until such time as both the government and Mr. Jensen could present their expert testimony as to Mr. Jensen's mental status.

In addition, Mr. Jensen's stated reason for wanting to subpoena Mr. Waldo again for the second half of the evidentiary hearing on the suppression motion is that Mr. Jensen wants to introduce a document into evidence that shows that FCI Englewood had obtained a DNA sample from Mr. Jensen before he was released from its custody sometime prior to April, 2008. Mr. Jensen wants to call Mr. Waldo as a witness to establish the foundation for the admission of this document.

In its response in opposition to Mr. Jensen's motion to subpoena Mr. Waldo, the government has indicated that it will offer no objection on the grounds of foundation to the court's receipt into evidence of this document. This concession by the government, in combination with the already-discussed fact that the rules of evidence are not applicable at suppression hearings, moots any need for the subpoenaing of Mr. Waldo for a second time solely to lay foundation for the document.

Finally, the reason Mr. Jensen seeks to introduce this document is to provide fodder for his argument that the taking of a DNA sample from Mr. Jensen on July 14, 2008, by the Federal Bureau of Investigation ("FBI") was unnecessary. Mr. Jensen has provided no authority or evidence whatsoever that would lead the court to find this fact relevant to whether the FBI used unnecessary force in the taking of that July, 2008, sample. For example, Mr. Jensen has cited no authority that a completely separate federal

agency, the Bureau of Prisons, has the discretion or obligation to turn over to the FBI a DNA sample within its possession.  Mr. Jensen has likewise cited no authority which would require the FBI to try to obtain a DNA sample from another federal agency prior to requesting a valid search warrant enabling it to obtain its own sample from the defendant.  Finally, no scientific evidence or data has been presented which would support Mr. Jensen's assumption that the April, 2008, DNA sample taken by the BOP was optimal for the FBI laboratory to run its DNA tests on when it desired to do so later in the summer of that year.

In summary, the court denies Mr. Jensen's third identical request to subpoena Mr. Waldo for the second half of the suppression hearing in this case.  Given all the factors discussed above, Mr. Jensen has failed to carry his burden of showing that the witness sought to be subpoenaed is necessary to his defense.  Schwanke, 598 F.2d at 580; Fed. R.Crim. P. 17(b).

**B.    Motion for Subpoenas *Duces Tecum***

Mr. Jensen also requests that the court issue two subpoenas *duces tecum* to FCI Englewood and to the Pennington County Jail.  From the federal penitentiary, Mr. Jensen seeks his own medical, psychiatric, or other prison records reflecting his prescribed medications, dosages, and date and time of administration of medications.  From the local jail, Mr. Jensen seeks the same type of records.

6

The Eighth Circuit addressed the issue of the propriety of the issuance of a subpoena *duces tecum* in United States v. Hardy, 224 F.3d 752 (8th Cir. 2000). In Hardy, Hardy appealed his conviction arguing, in part, that the district court had abused its discretion in quashing a subpoena *duces tecum* for internal police radio communications that took place during a drug transaction in which Hardy was implicated. Id. at 755. The Eighth Circuit stated that Fed. R. Crim. P. 16(a)(2) "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case." Id. However, the court noted that Rule 17(c) provides a means to obtain materials not discoverable under Rule 16(a)(2) if the documents sought are evidentiary. Id. (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 219 (1951)).

The court went on to note that Rule 17(c) "was not intended to provide an additional means of discovery," and, therefore, a defendant may subpoena evidentiary materials "only if there is 'a good-faith effort [] made to obtain evidence.' " Id. (quoting Bowman Diary, 341 U.S. at 219). "Moreover, in order to gain access to said materials, the moving party must show that the subpoenaed document (1) is relevant, (2) is admissible, and (3) has been requested with adequate specificity." Id. (quoting United States v. Nixon, 418 U.S. 683, 700 (1974)). "Thus, 'these specificity and relevance elements require

7

more than the title of a document and conjecture as to its contents.' " Id. (quoting United States v. Arditti, 955 F.2d 331, 346 (5th Cir.), cert. denied, 506 U.S. 998 (1992)).

The Eighth Circuit rejected Hardy's appeal, noting that he failed to establish with sufficient specificity the evidentiary nature of the requested materials. Id. Furthermore, although Hardy stated that he wanted to use the tapes to impeach the testifying police officers, the court rejected impeachment as an adequate predicate to the issuance of a subpoena *duces tecum* under Rule 17(c). Id. at 755-756. See also United States v. Newby, 251 F.R.D. 188, 189-190 (E.D.N.C. 2008) (refusing to issue defendant's requested subpoenas *duces tecum* for police officers' employment files for suppression motion hearing).

The government represents that it obtained and turned over to Mr. Jensen in excess of 760 documents generated while Mr. Jensen was incarcerated. Furthermore, the government objects to Mr. Jensen's motion as it is "plainly" a discovery motion. As such, the government notes that Mr. Jensen has not complied with the district court's standing order that required Mr. Jensen to contact government counsel and attempt to resolve any discovery disputes by mutual agreement prior to filing a discovery motion. See Docket No. 9, page 2, ¶ 3 (stating that "[c]ounsel for the parties shall confer, prior to the filing of motions, in order to reach agreement upon all pretrial

8

motions, including motions for discovery and disclosure."). Finally, the government notes that Mr. Jensen has not alleged any records which he has reason to believe exist and have not yet been provided by the government.

The court agrees. Mr. Jensen has asserted nothing which would lead the court to believe that any records in the category of records he seeks to subpoena have not already been turned over to him. Furthermore, it appears that Mr. Jensen has not complied with the district court's standing order, which this court has no discretion to ignore or excuse. Finally, Mr. Jensen's motion simply seeks an additional means of discovery, which is an impermissible purpose for subpoenas under Fed. R. Crim. P. 17(c). Hardy, 224 F.3d at 755.

## C.     Mr. Jensen's Supplemental Request for Discovery

At Docket 176, Mr. Jensen filed a pleading entitled "Supplemental Request for Discovery." The government did not respond to this pleading in its response in opposition to the motions filed at Docket Nos. 177 and 180. Although the clerk's office docketed this pleading as a motion, it is not in fact a motion. It seeks no relief from the court or intervention of the court. Accordingly, to the extend the pleading is construed as a motion, the court denies the same because it requests no action from the court. However, the court draws the government's attention to this pleading as the pleading *does* direct a request to the government.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED that Mr. Jensen's motion for a subpoena for Mark Waldo [Docket 180] and his motion for subpoenas *duces tecum* [Docket 177] are denied. It is further

ORDERED that Mr. Jensen's Supplemental Request for Discovery [Docket No. 176], docketed as a "motion" is denied as moot.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a) Objections must be timely and specific in order to require review by the district court.

Dated January 14, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE