UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
FEB 04 2010

| UNITED STATES OF AMERICA, | ) | CR. 08-50031-RHB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER REGARDING DEFENDANT'S APPEAL OF THE MAGISTRATE JUDGE'S DENIAL OF SUBPOENAS |
| THOMAS JENSEN, | ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Defendant is charged with mailing threatening communications, retaliation against a federal official, and retaliation against a federal official by threatening a family member. Pending before the Court are two motions to suppress. The first motion requests the suppression of statements made by defendant. The second motion contends that a search warrant to procure samples of defendant's DNA was executed in violation of defendant's Fourth, Fifth, and Sixth Amendment rights. These motions are currently before the magistrate judge. An evidentiary hearing was held on August 12, 2009, but had to be continued due to the unavailability of witnesses. An additional evidentiary hearing was scheduled for January 19, 2010. Less than a week prior to the scheduled hearing, however, defendant moved for a continuance alleging difficulties in

securing his expert witness due to an unresolved motion for fees which was pending before this Court. The motion to continue was granted and the evidentiary hearing is currently scheduled to continue on February 10, 2010.

Previously, in preparation for the January 19, 2010, hearing, defendant moved, *ex parte*, for the issuance of subpoenas and subpoenas *duces tecum*. The magistrate judge granted the motion in part ordering subpoenas for defendant's expert witnesses, but denied the motion for a subpoena for Mark Waldo(Waldo), defendant's case manager while incarcerated at FCI in Englewood, Colorado. The magistrate judge also denied the request for subpoenas *duces tecum* for FCI Englewood and the Pennington County Jail instructing defendant that such a motion should not be made *ex parte*. Defendant objected to the magistrate judge's denial of his requests. This Court affirmed the determination of the magistrate judge on January 5, 2010.

On January 8, 2010, defendant moved for reconsideration of the denial of the subpoena for Waldo and the subpoenas duces tecum. The government objected to the issuance of these requested subpoenas. The government contended that Waldo's presence is unnecessary and stated that it would not object as to foundation for any FCI document offered by defendant. The government also objected to the request for subpoenas *duces tecum* as essentially a motion for additional discovery. On January 14, 2010, the magistrate judge denied defendant's motion.

Not to be dissuaded by the rulings of the magistrate judge and this Court, defendant filed yet another motion for the subpoena of Waldo and subpoenas *duces tecum*. This time, however, the request for subpoena *duces tecum* was for the FBI Laboratory and the Bureau of Prisons (BOP). Again, the magistrate judge denied these requests. Again, defendant appeals to this Court.

The Court may set aside any part of the magistrate judge's order which is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

### A. Subpoena for Waldo

Defendant first objects to the denial of the request for a subpoena for Waldo. In denying the subpoena for Waldo, the magistrate judge noted that Waldo had been called at the first evidentiary hearing held on August 12, 2009, and that defendant "was given wide latitude to cross-examine" Waldo at that time. The magistrate judge further noted that at the end of his examination of Waldo, defense counsel did not ask that the witness remain available for further examination. Defendant argues that since the August 12, 2009, hearing, there has been further disclosure of approximately 700 records. Defendant contends that several of these reports are material to the motion to suppress and that Waldo's presence is necessary to lay foundation for the admission of

those records. Defendant also wishes to further examine Waldo regarding the seizure of defendant's DNA during incarceration.

Again, the magistrate judge found that Waldo's presence at a second hearing was not necessary for defendant to present an adequate defense. Defendant had ample opportunity to examine Waldo regarding the seizure of defendant's DNA. While the Court understands that additional discovery has been disclosed since Waldo's testimony was received, it does not appear that there are any new areas on which to examine Waldo, especially in light of the government's agreement not to object to foundation of the "new" disclosures should they be offered by defendant. The Court finds that the magistrate's denial of the subpoena is not clearly erroneous nor contrary to law. As a result, the Court affirms the decision of the magistrate judge.

### B. Subpoenas *Duces Tecum*

Defendant also objects to the denial of subpoenas *duces tecum* for FBI Laboratory and the BOP. Defendant seeks from the FBI Laboratory "all records regarding the seizure, submission, and analysis of a DNA sample taken from [defendant] in April or May 2008, submitted to the FBI Laboratory by the Bureau of Prisons, pursuant to the DNA Analysis Backlog Elimination Act of 2000[.]" Defendant also seeks "all records regarding the seizure, submission, and analysis fo a DNA sample taken from [defendant] in April or May 2008 . . ." from the BOP. Defendant contends that this

discovery is necessary to show that the government already had in its possession a sample of defendant's DNA and therefore, the execution of a subsequent search warrant for defendant's DNA was unnecessary and in violation of his Fourth, Fifth, and Sixth Amendment rights.

Federal Rule of Criminal Procedure 17(c)(1) provides as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Eighth Circuit has held that "in order to gain access to said materials, the moving party must show that the subpoenaed document (1) is relevant, and (2) is admissible, and (3) has been requested with adequate specificity." United States v. Hardy, 224 F.3d 752, 755 (8th Cir. 2000) (citing United States v. Nixon, 418 U.S. 683, 700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974)).

Defendant's motion to suppress details his position that the warrant was executed with excessive force and despite defendant's request to first speak with counsel. It appears, however, that defendant now wishes to additionally contest the validity of the search warrant. Regardless, the Court finds that the documents sought are not relevant to defendant's motion to suppress.

The Eighth Circuit has held, "[a] valid warrant 'must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, [or] contraband . . . may be found in the place to be searched.'" United States v. Romo-Corrales, 2010 WL 308313 (8th Cir. 2010) (quoting United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007)). In turn, probable cause "is established when there is a '"fair probability" that the object of the search warrant may be found in the place searched.'" Romo-Corrales, 2010 WL 308313 (quoting United States v. Montgomery, 527 F.3d 682, 686 (8th Cir. 2008)).

The documents requested by the subpoena *duces tecum* would not prove or disprove whether probable cause existed on July 14, 2008, to issue a search warrant. These documents simply are not relevant to the validity of the July 14, 2008, search warrant. Likewise, the existence of a DNA sample previously taken from defendant has no relevance to the issue of whether law enforcement used excessive force when executing the July 14, 2008, search warrant. Moreover, the documents are not relevant to any Fifth or Sixth Amendment claims which defendant is raising. As a result, the Court affirms the magistrate judge's denial of the motion for subpoenas *duces tecum*. Accordingly, it is hereby

ORDERED that defendant's objections to the magistrate judge's denial of his motion for subpoenas and subpoenas *duces tecum* (Docket #193) are overruled.

IT IS FURTHER ORDERED that the Order of the magistrate judge dated January 29, 2010, (Docket #191) is affirmed.

Dated this 4th day of February, 2010.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE